UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAGANI P. DELA PENA JR.,<br><br>　　　　　　Petitioner,<br><br>　　　　v.<br><br>R. PHILLIP GUTTIERREZ,<br><br>　　　　　　Respondent. | NO. CV 11-8492-R (AGR)<br><br><br>ORDER TO SHOW CAUSE |

On October 13, 2011, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. For the reasons discussed below, it appears the court lacks jurisdiction to entertain the petition.

The court, therefore, orders Petitioner to show cause, on or before ***November 18, 2011***, why this court should not recommend dismissal without prejudice based on lack of jurisdiction.

**I.**

**SUMMARY OF PROCEEDINGS**

Petitioner is incarcerated at the Federal Correctional Institution in Adelanto, California. On May 7, 2001, a United States District Court, District of

Guam jury convicted Petitioner of conspiracy to distribute methamphetamine, distribution of methamphetamine, unlawful use of communication facility to facilitate a drug crime, possession of a firearm by a felon, and possession of firearm by an unlawful drug user. *See United States v. Dela Pena*, Case No. 00-CR-126 ("*Dela Pena District Court*"),[1] Dkt. No. 96; *Dela Pena v. United States*, 2011 WL 288517, *1 n.1 (2011). On October 9, 2001, Petitioner was sentenced to 365 months in prison. *Dela Pena District Court*, Dkt. No. 114. On February 26, 2003, the Ninth Circuit affirmed the conviction. *United States v. Dela Pena*, 62 Fed. Appx. 754 (9th Cir. 2003).

On January 23, 2004, Petitioner filed a 28 U.S.C. § 2255 motion to vacate his conviction and sentence. *Dela Pena District Court*, Dkt. No. 138. On July 7, 2005, the court denied the motion. *Id.* at Dkt. No. 147.

On October 31, 2007, Petitioner filed a § 2241 petition in this court in *De La Pena v. Holencik*, Case No. CV 07-7150-R (AGR) (C.D. Cal.). On April 1, 2008, the case was transferred to the District of Guam. *Id.*, Dkt. No. 10. The Guam court construed the petition as a § 2255 motion and dismissed it for lack of jurisdiction because Petitioner had not obtained certification from the Ninth Circuit to bring a second or successive petition. *See Dela Pena v. United States*, 2011 WL 288517 at *1.

On March 2, 2010, Petitioner filed a motion for reconsideration of the July 7 denial of his § 2255 motion, which the court denied on September 9, 2010. *Dela Pena District Court*, Dkt. No. 165, 167. On January 25, 2011, the court denied Petitioner's request for a certificate of appealability with respect to the September 9 denial. *Id.*, Dkt. No. 170. On July 18, 2011, the Ninth Circuit also denied Petitioner's request for a certificate of appealability. *Id.*, Dkt. No. 171.

---

[1] *See Headwaters Inc. v. United States Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case).

On October 13, 2011, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 in this court in which he challenges his conviction. (Petition at 2.)

## II.

## DISCUSSION

"[T]o determine whether jurisdiction is proper, a [federal] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A § 2255 motion must be filed in the sentencing court. 28 U.S.C. § 2255 (a prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence"). On the other hand, a § 2241 petition must be filed in the district in which the prisoner is in custody. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). A federal prisoner may not substitute a § 2241 petition for a § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255"); *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions").

"[M]otions to contest the legality of a sentence must be filed under § 2255." *Hernandez*, 204 F.3d at 864. However, § 2255's "savings clause" permits the filing of a § 2241 petition to challenge a conviction or sentence in limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the

3

remedy by motion is inadequate or ineffective to test the legality of his detention.

Because Petitioner has already made a § 2255 motion that was denied, this court has jurisdiction only if Petitioner's "remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255*; see Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *see also Hernandez*, 204 F.3d at 864-65; *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

The savings clause is available to a prisoner "who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence." *Lorentsen v. Hood*, 223 F.3d 950, 953-54 (9th Cir. 2000); *see also Stephens*, 464 F.3d at 898 ("we have held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim").

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (citation and quotation marks omitted). "Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that 'no reasonable juror' would have convicted him [citation omitted]. . . . [T]he parties are not limited to the existing trial record; the issue is 'factual innocence, not mere legal insufficiency.'" *Lorentsen*, 223 F.3d at 954 (quoting *Bousley*, 523 U.S. at 623).

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask . . . (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim

after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

Petitioner's one ground in the petition alleges his Fifth Amendment right of due process was violated at trial. (Petition at 3.) He argues the court improperly admitted a taped conversation "between an alleged co-conspirator and a government informant" that indicated Petitioner "was a participant in a conspiracy." (Petition at 8.[2]) He also argues the trial court failed to properly instruct the jury on a "buyer-seller theory." (*Id.*) Finally, he argues there was "no direct evidence of an agreement" between him and "others" because the only other person was a government informant. (*Id.*) Based on these arguments, Petitioner contends he is "actually innocent of conspiracy." (*Id.*) However, these arguments do not support factual innocence as they all rely on alleged legal improprieties. *See Lorentsen*, 223 F.3d at 954.

In addition, Petitioner does not allege he did not have an unobstructed procedural shot to present his innocence claim. Nor does the record support such a claim.

## III.

## ORDER

IT IS THEREFORE ORDERED that, on or before **November 18, 2011**, Petitioner shall show cause, if there be any, why this court should not recommend dismissal without prejudice for lack of jurisdiction. Petitioner's response must address both prongs of the savings clause.

///
///
///
///

---

[2] Petitioner attaches two pages to the end of the petition form, which the court has numbered 8 and 9.

**If Petitioner fails to timely respond to this Order to Show Cause, the Court will recommend that the Petition be dismissed without prejudice based on lack of jurisdiction.**

DATED: October 19, 2011

*/s/ Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge